UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. _____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$126,569.97 SEIZED FROM TD BANK ACCOUNT NUMBER ******4878, HELD IN THE NAME OF AKUSAN VENTURES, LLC,

      Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Lucas B. Draisey, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.    This is an action to civilly forfeit $126,569.97 seized from TD Bank account number ******4878, held in the name of Akusan Ventures, LLC, the Defendant *in rem*, as proceeds of a wire and bank fraud scheme in violation of 18 U.S.C. §§ 1343, 1344.

2.    Having traced, frozen, and seized the fraudulently obtained funds, the United States now seeks to forfeit for its use and benefit the Defendant *in rem* under 18 U.S.C. § 981(a)(1)(A) and (C).

## THE DEFENDANT *IN REM*

3. The Defendant *in rem* is $126,569.97 seized from TD Bank account number ******4878, held in the name of Akusan Ventures, LLC, (the "Defendant Property").

4. The Defendant Property was seized by the Shakopee Police Department, pursuant to a state warrant signed by the Honorable Paula Druggan Vraa on November 12, 2021.

5. The Defendant Property is forfeitable under 18 U.S.C. § 981(a)(1)(C) as property that "constitutes or is derived from proceeds traceable to a violation of section . . . 1344 of this title or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

6. The Defendant Property constitutes proceeds of violations of sections 1343 and 1344 and is therefore forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C), as set out in more detail below.

## JURISDICTION AND VENUE

7. Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

8. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

9. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this District.

## FACTS

10. Adam Garry Blatzheim reported to the Shakopee, Minnesota Police Department in November 2021 that his company, Blatzheim Sales Company, Inc., had been the victim of a fraud scheme, resulting in a $195,000 loss.

11. An unknown individual in or before November 2021 created false checks in the name of Eileen Bittmann of Milford, Pennsylvania but bearing Blatzheim Sales Company's bank account and routing numbers.

12. Blatzheim Sales Company was not aware of and did not authorize the creation of these false checks.

13. Eileen Bittmann is not associated with Blatzheim Sales Company and does not have and has never had authority to conduct financial transactions on its behalf.

14. Four of the false checks were used to withdraw a total of $195,000 from the Blatzheim Sales Company bank account, on the following dates and in the following amounts:

   a. November 5, 2021 for $45,000;
   b. November 7, 2021 for $20,000;
   c. November 9, 2021 for $35,000; and
   d. November 9, 2021 for $95,000.

15. Blatzheim Sales Company did not authorize these transactions.

16. Blatzheim provided copies of checks and bank statements showing that the four false checks were made payable to Eileen Bittmann and were signed by Eileen Bittmann.

17. Blatzheim Sales Company did not authorize the transactions shown on the false checks and the bank statements.

18. SPD Detective Phil Sendelbach investigated. He called Eileen Bittmann of Milford, Pennsylvania, who reported that she was the victim of a scam.

19. Bittmann said she had recently been contacted by "Fred Smith" who claimed to work for "Smith's Jewelers" in New York City. Smith told Bittmann that he wanted her to work for him in the "financial department." He said he would send checks to Bittmann for her to deposit into her bank account, and then she would be instructed to wire the money to another account. Bittmann agreed to assist.

20. Bittmann received several blank checks with her name on them and was instructed to use the checks to deposit money into her own account. She was then instructed to wire the money to Akusan Ventures, LLC's TD Bank account number ******4878.

21. Bittmann then wired $127,000 to TD Bank account number ******4878, held in the name of Akusan Ventures, LLC.

22. She also sent $41,000 through the mail to a man named Ronald Lee Sullivan in Berkley, California.

23. Bittmann provided Detective Sendelbach with over 100 emails documenting her conversations with "Fred Smith," as well as copies of the checks and banking transactions she conducted.

24. She later learned that the checks drawn on the Blatzheim Sales Company account had bounced and that she lost all the money that she sent.

25. Detective Sendelbach applied for and received a Minnesota state search warrant on November 12, 2021 authorizing him to search the account and seize the stolen assets.

26. TD Bank successfully froze $126,569.97 and turned the funds over to authorities.

27. The funds were transferred to the United States Secret Service and remain in federal custody.

## BASES OF FORFEITURE

### COUNT 1
### 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1343

28. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1343—the wire fraud statute.

29. Under 18 U.S.C. § 1343, "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice," commits the offense of wire fraud.

30. And under 18 U.S.C. § 981(a)(1)(C), "Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense

constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States.

31.     18 U.S.C. § 1956(c)(7) defines "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1) of this title." 18 U.S.C. § 1961(1), in turn, defines "racketeering activity" to include "any act which is indictable under . . . section 1343 (relating to wire fraud)."

32.     As set out above, the Defendant Property constitutes the proceeds of a violation of the wire fraud statute and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. 981(a)(1)(C).

## COUNT 2
## 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1344

33.     The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1344—the bank fraud statute.

34.     18 U.S.C. § 1344 states, "Whoever knowingly executes, or attempts to execute, a scheme or artifice . . . to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of fraudulent pretenses, representations, or promises," commits the offense of bank fraud.

35.     And under 18 U.S.C. § 981(a)(1)(C), "Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 1344 of this title" is subject to forfeiture to the United States.

36.     As set out above, the Defendant Property constitutes proceeds traceable to a

6

violation of the bank fraud statute and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. 981(a)(1)(C).

## CLAIM FOR RELIEF

37.     Plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in rem*, and that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant *in rem*.

38.     Plaintiff further requests that Defendant *in rem* be forfeited and condemned to the United States of America, and that Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: June 9, 2023                                  ANDREW M. LUGER
                                                     United States Attorney

                                                     *s/ Lucas B. Draisey*

                                                     BY:  LUCAS B. DRAISEY
                                                     Assistant U.S. Attorney
                                                     Attorney ID No. 0401625
                                                     600 United States Courthouse
                                                     300 South Fourth Street
                                                     Minneapolis, MN 55415
                                                     Phone:  612-664-5600
                                                     Lucas.Draisey@usdoj.gov

## VERIFICATION

I, Phil Sendelbach, verify and declare under penalty of perjury as follows:

I am and have been an Officer with the Shakopee Police Department, in Shakopee, Minnesota since 2012. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and verify that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are my own investigation, together with the official files and records of the Shakopee Police Department, information provided to me by law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as the investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2023

*/s/     Phil Sendelbach*
PHIL SENDELBACH
Officer, Shakopee Police Department
Shakopee, Minnesota